IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3267-D

| | | |
|---|---|---|
| CAROLL SPRUILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNNAMED DEFENDANT and | ) | |
| KRISTE STILTON, | ) | |
| | ) | |
| Defendants. | ) | |

On October 31, 2025, Caroll Spruill ("Spruill" or "plaintiff"), a state inmate proceeding pro se, filed a letter which the clerk construed as a complaint under 42 U.S.C. § 1983 [D.E. 1]. On December 8, 2025, Spruill filed his complaint on the correct form [D.E. 4]. Spruill moves for appointment of counsel [D.E. 7, 10, 12, 13], to compel discovery [D.E. 11], and to amend the complaint to identify the unnamed defendant as Kriste Stilton and her law firm and to add the State of North Carolina and Martin County Superior Court as defendants [D.E. 9, 12]. The court grants Spruill's motions to amend and reviews all of Spruill's filings. As explained below, the court dismisses the action for failure to state a claim.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)–(b)(1). A frivolous claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a

Case 5:25-ct-03267-D-RJ    Document 14    Filed 06/01/26    Page 1 of 5

legal interest which clearly does not exist." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994) (citation and quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. <u>Neitzke</u>, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). <u>Erickson</u>, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)); <u>see</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678–79 (2009); <u>Coleman v. Md. Ct. of Appeals</u>, 626 F.3d 187, 190 (4th Cir. 2010), <u>aff'd</u>, 566 U.S. 30 (2012); <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255–56 (4th Cir. 2009); <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192–93 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see</u> <u>Philips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. <u>See, e.g.</u>, <u>Iqbal</u>, 556 U.S. at 676–77; <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691–94 (1978); <u>Wright v. Collins</u>, 766 F.2d 841, 850 (4th Cir. 1985).

Spruill names Kriste Stilton ("Stilton"), Stilton's law firm, the State of North Carolina, and Martin County Superior Court as defendants. <u>See</u> [D.E. 4] 3; [D.E. 9] 1; [D.E. 12] 1. The allegations of Spruill's complaint arose at the Martin County courthouse. <u>See</u> [D.E. 4] 5. Stilton was Spruill's court-appointed attorney. <u>See</u> <u>id.</u> Spruill alleges Stilton provided ineffective

2

assistance of counsel because she did not object to allegedly false statements made against him and tampered with evidence. See id. at 5–6. Spruill seeks compensatory damages for his unjust incarceration, injunctive relief for Stilton to be disbarred, and for charges to be filed against Stilton for tampering with evidence. See id. at 8.

As for Spruill's claims against Stilton and her law firm, defense attorneys do not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Therefore, they are not amenable to suit under section 1983. See id. This principle applies whether defense counsel is privately retained, appointed by the state, or employed as a public defender. See, e.g., Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). Thus, the court dismisses Spruill's claims against Stilton and her law firm.

As for Spruill's claims against the State of North Carolina and Martin County Superior Court, these entities are not "persons" subject to suit under section 1983. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Ragland v. Doe, 811 F. App'x 177, 177 (4th Cir. 2020) (per curiam) (unpublished); Preval v. Reno, 203 F.3d 821, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision); Lindsay v. Dep't of Pub. Safety, No. 3:14-CV-158, 2014 WL 1875081, at *2 (W.D.N.C. May 9, 2014) (unpublished); Vandyke v. Francis, No. 1:12-CV-113, 2012 WL 2090649, at *3 (W.D.N.C. June 11, 2012) (unpublished); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Thus, the court dismisses Spruill's claims against these defendants.

To the extent Spruill challenges his allegedly unconstitutional conviction, a plaintiff cannot recover monetary damages for section 1983 claims that imply an underlying conviction is invalid unless he "prove[s] that the conviction . . . has been reversed on direct appeal, expunged by

3

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Olivier v. City of Brandon, 146 S. Ct. 916, 920 (2026); Brunson v. Stein, 116 F.4th 301, 306 (4th Cir. 2024), cert. denied, 145 S. Ct. 1169 (2025); Mobley v. Tompkins, 473 F. App'x 337, 337 (4th Cir. 2012) (per curiam) (unpublished); Omar v. Chasanow, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Because Spruill's conviction has not been overturned or otherwise invalidated, the court dismisses the claim without prejudice.

To the extent Spruill requests the state to disbar Stilton, the request is frivolous. Thus, the court denies the request.

To the extent Spruill requests that criminal charges be filed, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136 (1986); see Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.3d 486, 494 (4th Cir. 1990). Thus, the court dismisses the complaint for failure to state a claim.

As for Spruill's motions for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v.

4

Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (citation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (citation and quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Spruill's claims are not objectively complex, and Spruill has demonstrated through his filings that he has the capacity to present the claims. Accordingly, the court denies the motions.

II.

In sum, the court GRANTS plaintiff's motions to amend the complaint [D.E. 9, 12], DENIES plaintiff's motions for appointment of counsel [D.E. 7, 10, 12, 13], and DISMISSES the action for failure to state a claim. The court DENIES AS MOOT plaintiff's motion to compel discovery [D.E. 11]. The clerk SHALL close the case.

SO ORDERED. This ꞁ day of June, 2026.

JAMES C. DEVER III
United States District Judge

5